```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    For Online Publication Only
----------------------------------------------------------------X
JOHN HASSAN

                Plaintiff,

        -against-                                 ORDER
                                                  16-cv-1653 (JMA) (SIL)
```

CHIEF ADMINISTRATIVE JUDGE
LAWRENCE K. MARKS, SUPERVISING
JUDGE KAREN KERR, and HOLIDAY BEACH
PROPERTY OWNERS ASSN, INC.,

                Defendants.
----------------------------------------------------------------X

**FILED CLERK 9/25/2017 5:25 pm U.S. DISTRICT COURT EASTERN DISTRICT OF NEW YORK LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

   Before the Court are pro se plaintiff John Hassan's objections to Magistrate Judge Steven I. Locke's Report and Recommendation dated August 15, 2017 (the "R&R").

   Plaintiff has advanced a number of claims against the defendants, all of which arise from his allegations that the "New York State Courts" have been "colluding" with defendant Holiday Beach Property Owners Assn., Inc. "to create a private governmental authority to seize residents' real estate easements." (See Compl. § III(B).) Defendants Chief Administrative Judge Lawrence K. Marks and Supervising Judge Karen Kerr (the "State Defendants") and Holiday Beach Property (the "Private Defendant") each moved to dismiss plaintiff's complaint in its entirety pursuant to Rules 12(b)(1), (2), and (6) of the Federal Rules of Civil Procedure. All defendants advanced arguments premised on the Rooker-Feldman doctrine and the doctrine of Younger abstention. All defendants also argued that plaintiff has failed to state any claims upon which relief may be granted. Separately, the State Defendants advanced a number of arguments premised on their immunity from suit and on the absence of personal jurisdiction due to plaintiff's improper service,

and the Private Defendant advanced arguments premised on the doctrine of collateral estoppel and on timeliness.

In the R&R, Judge Locke recommends granting the pending motions to dismiss on all proffered grounds. Plaintiff has submitted, ostensibly as an objection, a one-and-a-half page handwritten letter. The letter does not clearly indicate the portions of R&R to which plaintiff objects, but the Court discusses the putative objections below.

The Court assumes familiarity with the facts underlying this case, which are referenced only as necessary to explain the Court's decision.

## I. STANDARD OF REVIEW

Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

In reviewing a magistrate judge's report and recommendation, a court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

Plaintiff appears to object to two aspects of Judge Locke's R&R. First, plaintiff states that his suit "is directed at the New York State Court System and Lawrence K. Marks and Karen Kerr as Supervisory Administrative Officers – NOT IN ANY JUDICIAL CAPACITY." (Pl's Obj.) The Court interprets this as an objection to Judge Locke's recommendation that the State Defendants are immune from suit either due to their judicial immunity or under the Eleventh

Amendment.  Second, plaintiff claims that the state court "did not conclude or even hold a hearing before I initiated my action in U.S. District Court," which the Court interprets as an objection to the application of the Rooker-Feldman doctrine.  (Pl's Obj.)  The Court cannot discern any additional objections in plaintiff's filings.[1]

Plaintiff has not objected to Judge Locke's recommendations that the complaint be dismissed in its entirety (a) under the doctrine of Younger absention and (b) because the plaintiff has failed to state any claims upon which relief may be granted.  Further, plaintiff has not objected to Judge Locke's recommendation that the complaint be dismissed as against the State Defendants due to plaintiff's failure to properly serve the complaint on those defendants.  Plaintiff has also failed to object to Judge Locke's recommendations that the complaint be dismissed as against the Private Defendant based on the doctrine of collateral estoppel and on timeliness.  All of those recommendations are therefore reviewed for clear error.  Having reviewed Judge Locke's thorough and well-reasoned R&R, the Court finds no clear error and therefore adopts the recommendation that the complaint should be dismissed for all of the above reasons.

After conducting a de novo review of Judge Locke's recommendation concerning the applicability of judicial immunity, the Court finds plaintiff's objection to be meritless.  Despite plaintiff's contention that he did not name the State Defendants "in any judicial capacity," his complaint makes clear that his entire dispute with the State Defendants arises out of their roles in the earlier state court action.  Further, plaintiff has alleged no facts whatsoever suggesting that the State Defendants acted in the clear absence of jurisdiction.  Thus, the Court adopts Judge Locke's R&R and finds that plaintiff's claims against the State Defendants are also barred by both the

---

[1] The remainder of plaintiff's objections appear to consist of allegations concerning "felony crimes being committed" and a request that "the U.S. Dept. of Justice . . . investigate these federal crimes" because to do otherwise "would allow these defendants and other similar court systems and persons to burst into a national Holocaust of corruption as is the organized criminal ways of 100 years ago."  (Pl's Obj.)

Eleventh Amendment and by the doctrine of judicial immunity. See, e.g., Tucker v. Outwater, 118 F.3d 930, 936 (2d Cir. 1997) (finding that judicial immunity protects a state judge even where she "may well have acted in excess of her jurisdiction"); McKnight v. Middleton, 699 F. Supp. 2d 507, 521–23 (E.D.N.Y. 2010) (finding that "the New York State Unified Court System is entitled to sovereign immunity as an 'arm of the State'" under the Eleventh Amendment) (quoting Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir. 2009)).

Finally, it is unnecessary for the Court to address plaintiff's objections concerning Rooker-Feldman because Judge Locke's other recommendations, which the Court has already adopted, are sufficient to dismiss the case in its entirety.

For the reasons laid out above, the Court adopts the R&R with respect to all arguments except that premised on the Rooker-Feldman doctrine and, accordingly, dismisses the complaint in its entirety. The Court does not reach the question of whether dismissal is also warranted under Rooker-Feldman. The Clerk of Court is therefore directed to close the case.

**SO ORDERED.**

Date: September 25, 2017
 Central Islip, New York

                                                       /s/ (JMA)
                                                 Joan M. Azrack
                                                 United States District Judge